IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,
801 Market Street, Suite 1300
Philadelphia, PA 19107

               Plaintiff,

v.

AMERISOURCEBERGEN CORPORATION,
1300 Morris Dr.
Chesterbrook, PA 19087

               Defendant.

CIVIL ACTION NO. _____

COMPLAINT
and
JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Robert Aellis. As discussed more fully in the Statement of Claims below, in or about September 2011 Mr. Aellis applied for a vacant Category Manager -Telecom position advertised by Defendant. Defendant refused to hire Mr. Aellis for the position because of his age.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    Venue is proper in the United States District Court for the Eastern District of Pennsylvania as the employment practices alleged to be unlawful were committed within the jurisdiction of this Court.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times Defendant, AmerisourceBergen Corporation ("Amerisource"), a Delaware corporation, has continuously been doing business in Chesterbrook, Pennsylvania and has continuously had at least 20 employees.

5. At all relevant times Charging Party Robert Aellis has been over forty years old and entitled to the protections of the ADEA.

6. At all relevant times Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONDITIONS PRECEDENT

7. All conditions precedent to the institution of this lawsuit have been fulfilled. Mr. Aellis filed a Charge of Discrimination with the EEOC (Charge No. 530-2012-00221) alleging violation of the ADEA by Amerisource. Upon completion of the EEOC's investigation of Mr. Aellis' allegations, the EEOC issued a Letter of Determination notifying Amerisource that there was reasonable cause to believe that it had violated the ADEA through unlawful employment actions, including its refusal to hire Mr. Aellis. Subsequently, prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to affect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29

U.S.C. § 626(b). After these efforts were unsuccessful, the EEOC so notified the parties and proceeded with the commencement of this lawsuit.

## STATEMENT OF CLAIMS

### Count 1 – Discrimination Because of Age

8. In 2011, Amerisource advertised a vacant Category Manager – Telecom ("CMT") position, both directly and through one or more recruitment agencies.

9. Bluewolf is a recruitment agency engaged by Amerisource to identify candidates for the vacant CMT position.

10. The vacant CMT position was located at Amerisource's Chesterbook, Pennsylvania facility.

11. The vacant CMT position was responsible for managing a category of telecom products as well as the business relationship between Amerisource and respective suppliers.

12. On or about September 6, 2011, Bluewolf forwarded Mr. Aellis' resume to Amerisource as an applicant for the CMT position.

13. In the cover e-mail accompanying Mr. Aellis' resume, Bluewolf described Mr. Aellis as having "30 years of experience in the telecommunications industry" wherein he fulfilled numerous roles, including technical engineer, project manager, and Director level manager responsible for "dealing with all vendor[s] and negotiating all contracts."

14. Mr. Aellis' resume, received by Amerisource, was seven pages long and detailed Mr. Aellis' education, training, skills and experience in the telecommunications field.

15. Mr. Aellis' resume stated that his experience in the telecommunications field started in 1969 with N.Y. Telephone Company.

16. Mr. Aellis' resume also stated that he completed college courses in business at the State University of New York.

17. As was explained in his resume, Mr. Aellis' experience and skills in the telecommunications field include, but are not limited to: technical expertise in hardware, software, systems and applications; project management; operations; management; quality assurance and efficiencies; vendor relations; and contract negotiation and administration.

18. As was explained in his resume, over the course of more than forty years in the field, Mr. Aellis gained extensive experience in the telecommunications industry while working for several companies as, *inter alia,* a technician, a technical support engineer, the project manager for the installation of major telecommunications systems, a telecommunications system manager, a Director of Telecommunications, a Vice President of Voice & Data Operations, and as a consultant.

19. Mr. Aellis was qualified for the CMT position.

20. At the time of his application for the CMT position, Mr. Aellis was sixty years old.

21. On or about September 6, 2011, after reviewing Mr. Aellis' resume, Amerisource rejected him for the CMT position, determining "Robert is above/beyond this role" and "Robert-Overqualified for this need."

22. On or about September 7, 2011, Amerisource reaffirmed its rejection of Mr. Aellis for the CMT position, stating he was "overqualified for this role, 4-7 years experience."

23. On or about September 7, 2011, Bluewolf contacted Amerisource and relayed that, despite his considerable experience, Mr. Aellis was genuinely interested in the CMT position and suggested that Amerisource at least conduct a short phone interview with Mr. Aellis.

24. Nevertheless, on or about September 7, 2011, Amerisource reiterated its belief that the CMT position "was not the right role for [Mr. Aellis]."

25. Shortly thereafter, Mr. Aellis made a submission through Amerisource's website questioning its rejection of him for the CMT position.

26. In response, Amerisource phoned Mr. Aellis directly and informed him that he was "not right" for the CMT position because he was "overqualified" and that Amerisource was looking for someone with only a few years experience.

27. During the phone call, Amerisource rejected Mr. Aellis' request to at least be given the opportunity to speak with the hiring manager and further rejected Mr. Aellis' offer to sign an employment contract drafted by Amerisource.

28. After rejecting Mr. Aellis, Amerisource continued to search for a candidate for the CMT position, ultimately hiring Krista Neidig.

29. Ms. Neidig was offered the CMT position on or about October 12, 2011.

30. Ms. Neidig is approximately twenty years younger than Mr. Aellis.

31. The effect of the practices complained of in paragraphs 8-30 above has been to deprive Mr. Aellis of equal employment opportunities and otherwise adversely affect his status as an applicant for employment because of his age.

32. The unlawful employment practices complained of in paragraphs 8-30 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination against any individual by refusing to hire such individual because of his or her age.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

    C.    Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Mr. Aellis, whose wages are being unlawfully withheld as a result of the acts complained of above.

    D.    Order Defendant to make whole Mr. Aellis, whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

    E.    Order Defendant to make whole all individuals adversely affected by the unlawful practices described above by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful-place hiring or an award of front-pay for Mr. Aellis.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney (D. Md. #04312)

MARIA LUISA MOROCCO
Supervisory Trial Attorney (D. Md. #24357)

THOMAS D. RETHAGE, JR.
Trial Attorney (PA 203524)

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market St., Suite 1300
Philadelphia, PA 19107
thomas.rethage@eeoc.gov
Phone: 215.440.2683
Fax: 215.440.2848

Date: September 28, 2012